UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:
JUDGE:



AMADO GARCIA, an individual
    Plaintiff(s),

vs.

CAVALRY PORTFOLIO SERVICES, LLC.
    Defendant(s),
_____/

09-21659

CIV-GRAHAM

/TORRES

## COMPLAINT

Plaintiff, **AMADO GARCIA,** on behalf of himself, through the undersigned attorneys, files this Complaint against **CAVALRY PORTFOLIO SERVICES, LLC** [herein referred to as "**CAVALRY PORTFOLIO**"], and the state as follows:

### A. JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. The Defendant, **CAVALRY PORTFOLIO** is subject to the personal jurisdiction of this Court because it engages in substantial activity within Florida, additionally they have made substantial business contacts with the Plaintiff in **Miami Dade** County, Florida.

Page 1 of 8

## B. VENUE

3. The venue is proper in the United States District Court for the Southern District of Florida based upon the following:

   a. The unlawful collection practices alleged below occurred and/or were committed in **Miami Dade** County, Florida, in the Southern District of Florida;

   b. At all times material hereto, Defendant, **CAVALRY PORTFOLIO** was and continues to be a corporation engaged in the business and/or activity of collecting debts in **Miami Dade** County, Florida, and as such is a citizen of the State of Florida.

## C. PARTIES

4. Plaintiff, **AMADO GARCIA,** (hereinafter "Plaintiff), is an individual residing in the County of **Miami Dade,** State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, **CAVALRY PORTFOLIO SERVICES, LLC.**, is a company operating from an address of PO Box 1017, Hawthorne, NY 10532 and whose principle business is collecting consumer debts and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## D. FACTS COMMON TO ALL COUNTS

6. Plaintiff is alleged to have incurred a financial obligation for primarily personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C. § 1691a(5), namely, a consumer debt.

7. Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to **CAVALRY PORTFOLIO** for collection by the original creditor.

8. Plaintiff sent a cease and desist letter on or about May 19th, 2008 via certified return receipt requesting they cease contacting him for a debt which references accounts #4862-3624-4501-1003.

9. Defendant received said letter to cease and desist on June 2nd, 2008. After receipt of Plaintiff's cease and desist letter, Defendant continued to contact Plaintiff and/or sent a dunning collection letter to Plaintiff.

10. Said communication from Defendant, is a communication in violation of provisions of the FDCPA, specifically in violation of 15 U.S.C. § 1692 C(c), E(2), E(8), E(10) and F(1).

11. Upon information and belief, Defendant has continued to report said debt on Plaintiff's credit report in violation of the FDCPA.

12. Upon information and belief, other sections of 15 U.S.C. § 1692, et seq., have also been violated.

## E. CAUSES OF ACTION

### COUNT ONE
### VIOLATION OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C § 1692 et seq.

13. Plaintiff incorporates paragraphs 1 through 12 as though fully stated herein.

14. The foregoing acts and omissions of Defendant as further described within this Complaint constitute violations of the FDCPA, including but not limited to each and every of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

15. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered out- of-pocket expenses as well as other actual damages and is therefore entitled to an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant for:

- For an award of actual damages pursuant to 15. U.S.C. § 1692k(a)(1) against Defendant;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), Defendant; and

- For such other and further relief as may be just and proper.

## COUNT TWO
### VIOLATION OF THE
### FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Fla. Stat. § 559.55 - §559.785

16.  Plaintiffs incorporate paragraphs 1 through 12 as though fully stated herein.

17.  Plaintiff entered into a credit contract pursuant to which Plaintiff purchased consumer goods as required under Fla. Stats. §559.55 - §559.785.

18.  Credit was extended via a consumer credit card used to purchase goods or services for personal, family, or household use.

19. Plaintiff advised the Defendant that this debt was obtained fraudulently.

20. Defendant has harassed Plaintiff as stated previously in Paragraph 9 of this complaint.

21. Said conduct is in direct violation of Section 559.72, et seq. of the Florida Statutes.

22. The acts of Defendant mentioned above were done and performed willfully, wantonly, and maliciously without regard to their effect on Plaintiff.

23. As a direct and proximate result of the conduct and acts of Defendant mentioned above, plaintiff has suffered sever pain and distress of body and mind, and great mental anguish, embarrassment, humiliation, and shame.

24. Plaintiff has been required to employ the undersigned counsel to represent plaintiff against the willful, wanton, malicious, and wrongful acts of Defendant mentioned above, and has agreed to pay counsel a reasonable attorney fee.

25. Plaintiff has incurred, and will continue to incur, additional expenses in the prosecution of this law suit, including court costs, telephone calls, travel expenses, and other expenses, all to Plaintiff's further damage.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant pursuant to Fla. Stats. for:

- That Defendant be enjoined from any and all further illegal collection practices against the Plaintiff;

- For actual damages or for statutory damages of $1000 whichever is greater;

- For punitive damages;

- For attorney fees'

- For costs of suit; and

- For such other and further relief as the court deems proper.

## F. JURY TRIAL DEMAND

Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7 and Fed. R. Civ. Pro. 38.

Dated this 8th day of June of 2009.

Respectfully submitted,
Law Offices of
**GHAZAL & GOMEZ, LLC.**
**ATTN: MICHAEL GOMEZ, ESQ.**
Attorney for Plaintiff
1930 Tyler Street
Hollywood, FL 33020
Tel. 954.921.7676
Fax. 954.925.7816


/s/Michael Gomez
Michael Gomez, ESQ.
FBN: 043338


Samira Ghazal, ESQ.
As Co-Counsel
FBN: 0864617

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as req[uired] by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the [use] of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
AMANDO GARCIA

**DEFENDANTS**
CAVALRY PORTFOLIO

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) 954-921-7696
Michael Gomez
1930 Tyler St. Hollywood, FL 33020

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: (DADE) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

Dade 09CV21659 — Graham/Torres

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / PERSONAL PROPERTY | B☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 180 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| A REAL PROPERTY | A CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / B☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment / HABEAS CORPUS: | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / B☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / A☐ 535 Death Penalty | | A☐ 871 IRS — Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / B☐ 540 Mandamus & Other | | | A OR B |
| ☐ 290 All Other Real Property | / B☐ 550 Civil Rights | | | |
| | / B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

15 U.S.C. § 1692 FDCPA

LENGTH OF TRIAL
via ____ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 6/9/09
SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY
RECEIPT # 100960 AMOUNT 350— APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____